UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| **JULIE A. SU,** Acting Secretary of Labor, United States Department of Labor, | : <br> : Case No.: 3:22-cv-9 <br> : |
| **Plaintiff,** | : Judge Thomas M. Rose <br> : |
| vs. | : <br> : |
| **KMH SYSTEMS, INC.,** *et al.*, | : <br> : |
| **Defendants.** | : <br> : |

**ENTRY GRANTING MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANTS KMH SYSTEMS, INC. AND KMH SYSTEMS 401(K) PLAN (DOC. NO. 29)**

Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor ("Acting Secretary"), having filed her complaint; Defendants KMH Systems, Inc. ("KMH Systems") and the KMH Systems 401(K) Plan ("Plan") having been served with the complaint and summons; KMH Systems and the Plan having failed to plead or otherwise defend within the time prescribed by law; default of KMH Systems and the Plan having been entered by the Clerk of Court on June 26, 2024 and the truth of the allegations contained in the Acting Secretary's complaint having been deemed to be the truth at the time the Clerk of Court entered the default and verified by the attached declaration of the Employee Benefits Security Administration Investigator; now, therefore upon application of the Acting Secretary and for cause shown, **DEFAULT JUDGMENT IS HEREBY ENTERED** against Defendants KMH Systems, Inc. and the KMH Systems 401(K) Plan in accordance with the prayer of the complaint in the above-styled action.

Federal Rule of Civil Procedure 55 provides for default judgments. To obtain a default judgment against a party pursuant to Rule 55, there first must be an entry of default regarding that party. Fed. R. Civ. P. 55(a), (b); *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986) ("entry of default is ... the first procedural step on the road to obtaining a default judgment"). Next, the party seeking the default judgment must apply for one, either to the clerk (if the claim is for a sum certain or a sum that can be made certain by computation) or to the court (in all other cases). Fed. R. Civ. P. 55(b).

To enter a default judgment against a party, a court must have both subject matter jurisdiction over the action and personal jurisdiction over that party. *Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("federal courts have a duty to consider their subject matter jurisdiction in regard to every case"); *Citizens Bank v. Parnes*, 376 F. App'x 496, 501 (6th Cir. 2010) ("[p]ersonal jurisdiction over a defendant is a threshold issue that must be present to support any subsequent order of the district court, including entry of the default judgment"); *Kuhlman v. McDonnell*, No. 1:20-cv-510, 2022 U.S. Dist. LEXIS 23846, 2022 WL 407240, at *2 (S.D. Ohio Feb. 10, 2022). Additionally, the Court must be satisfied that the facts in the complaint state a claim for relief against that party. *Harrison v. Bailey*, No. 95-6263, 107 F.3d 870 (Table), 1997 U.S. App. LEXIS 2311, 1997 WL 49955, at *1 (6th Cir. Feb. 6, 1997) ("[d]efault judgments would not have been proper due to the failure to state a claim against these defendants"); *Anderson v. Johnson*, No. 98-1931, 194 F.3d 1311 (Table), 1999 U.S. App. LEXIS 29636, 1999 WL 1023753, at *2 (6th Cir. Nov. 4, 1999) ("[e]ven if a default has been entered against a party, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law"); *Parallax Advanced Research Corp. v. SPG Institute, Inc.*, No. 3:21-cv-133, 2021 U.S. Dist. LEXIS

154424, 2021 WL 3634739, at *2 (S.D. Ohio Aug. 17, 2021) ("a default judgment fails as a matter of law if the plaintiff's complaint does not assert a plausible claim upon which relief can be granted"). Once a default has been entered, the factual allegations in the complaint—other than those relating to the amount of damages—are accepted as true. *Parallax Advanced Research Corp.*, 2021 U.S. Dist. LEXIS 154424, 2021 WL 3634739, at *2 (citing Fed. R. Civ. P. 8(b)(6); *Stooksbury v. Ross*, 528 F. App'x 547, 551 (6th Cir. 2013)).

Under Rule 55(b)(2), the Court may enter default judgment without a hearing, but it also may conduct a hearing or make a referral when "it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegations by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2). Finally, the Sixth Circuit has explained that, "[w]hen considering whether to enter a default judgment, a court should take into account: 1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits." *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002).

The Court is satisfied that it has jurisdiction over the parties. The Court is further satisfied that a default judgment is appropriate in this case in light of KMH Systems' and the Plan's failure to respond to the Complaint. Moreover, the Complaint states a plausible claim and the factual allegations contained therein are sufficient to show Plaintiff is entitled to the relief sought.

For the reasons stated above, it is **ORDERED, ADJUDGED, AND DECREED** that:

1. Defendant KMH Systems, Inc. is removed from serving as a fiduciary to the Plan and is permanently enjoined from serving as a fiduciary or service provider with respect to any employee benefit plan subject to ERISA. If they have not already been removed as

fiduciaries, Defendants Michael Guenin and Brian Ritchey are also removed from serving as fiduciaries to the Plan.

2. AMI Benefit Plan Administrators, Inc. is hereby appointed as the independent fiduciary for the Plan. The independent fiduciary shall have the following powers, duties and responsibilities:

   a. The independent fiduciary shall have authority to collect, liquidate, manage, and distribute assets of the Plan for the benefit of the eligible participants and beneficiaries of the Plan who are entitled to receive such assets and shall terminate the Plan and distribute the Plan's assets in accordance with the Plan's governing documents, the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, et seq., the Internal Revenue Code and this Default Judgment;

   b. The independent fiduciary shall exercise reasonable care and diligence to identify and locate each participant and beneficiary of the Plan who is eligible to receive a payment under the terms of this Default Judgment and to disburse to each such eligible participant or beneficiary the payment to which he or she is entitled;

   c. The independent fiduciary shall have full access to all data, information and calculations in the Plan's possession or under its control, including that information contained in the records of the Plan's custodial trustees and other service providers, bearing on the distribution of participant account balances, recovery of amounts owed to the Plan and termination of the Plan;

   d. The independent fiduciary may retain such persons and firms including but not limited to accountants and attorneys, as may be reasonably required to perform his duties hereunder;

e. The independent fiduciary shall receive compensation not to exceed the amount of $13,900.00 for the performance of the above-referenced duties, including costs reasonably and necessarily incurred, which shall be paid directly from the assets of the Plan;

f. The independent fiduciary shall obtain bonding in an amount that meets the requirements of ERISA §412, 29 U.S.C. §1112. The costs incurred by the independent fiduciary in obtaining such bonding shall by paid by the Plan; and

g. Upon final termination of the Plan and distribution of the Plan's assets, the independent fiduciary shall provide proof of such termination and distribution of the Plan's assets to the Regional Director, Cincinnati Regional Office, Employee Benefits Security Administration, 1885 Dixie Hwy, Ste. 210, Ft. Wright, KY 41011-2664.

3. The Court shall maintain jurisdiction over this matter only for purposes of enforcing this Default Judgment.

4. Nothing in this Default Judgment is binding on any government agency other than the United States Department of Labor.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, September 16, 2024.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE